USCA11 Case: 24-10666   Document: 17   Date Filed: 09/19/2024   Page: 1 of 3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-24923-CIV-MARTINEZ

R.C., A MINOR, BY SARAH CALLAHAN
AND RICKY CALLAHAN, JR., *Individually
as natural guardians and next friends*,

    Plaintiffs,

v.

WANABANA LLC and WANABANA USA
LLC,

    Defendants.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court upon Defendants Wanabana, LLC and Wanabana USA, LLC's Motion for Reconsideration (the "Motion"), (ECF No. 15). Defendants request that the Court reconsider its Order of Remand, (ECF No. 13). Having reviewed the Motion and the pertinent portions of the record, the Court **DENIES** the Motion for Reconsideration.

Plaintiffs originally filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on November 28, 2023. (Compl., ECF No. 1-2). On December 28, 2023, Defendants removed this matter to the Southern District of Florida based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Notice of Removal ("Notice"), ECF No. 1). Plaintiffs filed their Motion to Remand arguing that Defendants did not meet their burden of proving that this Court has subject matter jurisdiction over this action and moving this Court to remand the case back to the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida. (ECF No. 11). On January 30, 2024, this Court *sua sponte* issued its Order of Remand, remanding the case back to the Eleventh Judicial Circuit in and for Miami-Dade County, based on

USCA11 Case: 24-10666 Document: 17 Date Filed: 09/19/2024 Page: 2 of 3

discrepancies as to Defendant WanaBana USA, LLC's citizenship (hereinafter, "Remand Order"). (ECF No. 13). Defendants subsequently filed the instant Motion for Reconsideration as well as a Notice of Appeal as to the Remand Order. (ECF No. 19).

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). Section 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir.2008) (internal quotation marks and citation omitted). The Eleventh Circuit has held that it is precluded from reviewing such a remand order "whether or not that order might be deemed erroneous by [us]." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 (1996)).

Section 1447(d) "not only forecloses appellate review, but also bars reconsideration by the district court of its own remand order." *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1203 (11th Cir. 2011) (quoting *Harris v. Blue Cross/Blue Shield of Ala., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992)). *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir.1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case."); *Seedman v. U.S. Dist. Court for the Cent. Dist. Of Cal.*, 837 F.2d 413, 414 (9th Cir.1988) ("[Section 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court.").

Although Defendants admit 28 U.S.C. § 1447(e) places some limitations on the

2

reconsideration of remand orders, they argue that those limitations do not apply here. (Mot. at 4). Eleventh Circuit law provides that it has jurisdiction to review whether the "district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process[.]" *Artjen Complexus, Inc.*, 561 F.3d at 1296 (quoting *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001)). Defendants assert that this Court's Remand Order was "based on alleged procedural defects" and rely on *Artjen* for the basis that this Court reconsider its order. (Mot. at 4–8). However, Defendants overlook the fact that *Artjen* addressed "the appellate court's jurisdiction to review an order of remand, not the district court's jurisdiction." *Drummond v. Alsaloussi*, No. 23-CV-21379, 2023 WL 5846833, at *3 (S.D. Fla. Sept. 11, 2023). *Artjen* does not hold that a district court has authority to reconsider its own remand order. Additionally, even if precedent allowed this Court to reconsider its Remand Order, it has been divested of jurisdiction to do so since the order is under appeal. *See Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) ("[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal.")

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration, (ECF No. 15), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this *12* of September 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record